**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

|  |  |
|---|---|
| **DELISA HERNANDEZ REID,** <br> **ADMINISTRATOR OF THE** <br> **ESTATE OF DAMIAN HERNANDEZ,** <br><br> *Plaintiff,* <br><br> **v.** <br><br> **THE GEO GROUP, INC.,** <br><br> **NURSE DELISA JORDAN, LPN,** <br><br> **NURSE MERIAN KAMARA, RN,** <br><br> **NURSE SHIRLEY WILLIAMS, LPN,** <br><br> **SGT. TEWANDA PATTON,** <br><br> **SGT. MARTRE POWELL,** <br><br> **SGT. TANIS FRITZ,** <br><br> **SGT. SAMUEL DAVIS,** <br><br> **OFFICER QUINTON HAWKES,** <br><br> **OFFICER DARRIN BOYD,** <br><br> **OFFICER SHAKEENNA TURNER,** <br><br> **OFFICER CONNIE JONES,** <br> **and** <br><br> **MICHAEL BRECKON, WARDEN** <br><br> *Defendants.* | **Civil Action No. 3:24-cv-309** |

## AMENDED COMPLAINT

COMES NOW Plaintiff Delisa Hernandez Reid, Administrator of the Estate of Damian Hernandez, Deceased, by counsel, and moves this Court for judgment against Defendants, stating as follows:

## INTRODUCTION

1.      On November 6, 2020, Damian Hernandez ("Mr. Hernandez"), was an inmate at Lawrenceville Correctional Center in Lawrenceville, VA, when he reportedly died from cuts on the back of both of his hands. Defendants allege that Mr. Hernandez committed suicide.

2.      Between the time that Mr. Hernandez's cellmate, Antwon Elder, called for help for Mr. Hernandez, and the time that 911 was called, 48 minutes elapsed.

3.      Mr. Hernandez was provided inadequate medical care, and the Defendants were grossly negligent in their care of Mr. Hernandez, showed reckless indifference to life and survival, and care of Mr. Hernandez, failed to follow prison facility protocols in responding to emergencies, deviated from the standard of care and was the proximate cause of Mr. Hernandez's death, and failed to provide adequate training to its employees.


## PARTIES

4.      Plaintiff DELISA HERNANDEZ REID is, and was at all relevant times, a resident of the state of Maryland. On December 29, 2020, Delisa Hernandez Reid, the biological sister of Mr. Hernandez, was duly qualified as Administrator of the Estate of Damian Hernandez, Deceased, in the Brunswick County Circuit Court, under the applicable provisions of law. A copy of the Certificate/Letter of Qualification is attached hereto, marked as **Exhibit A**. Plaintiff brings this action in her capacity as ADMINISTRATOR OF THE ESTATE OF DAMIAN HERNANDEZ, DECEASED, pursuant to, among other statutes, Virginia Code § 8.01-50 *et seq.* (wrongful-death statute), and, alternatively, pursuant to Virginia Code § 8.01-25 *et seq*. (survival statute). All relief available under the foregoing statutes is sought herein by Plaintiff.

5.      Defendant THE GEO GROUP, INC. is a domesticated Florida corporation and a duly contracted agent authorized to act under color of state law at Lawrenceville Correctional

Center in Lawrenceville, VA by the Virginia Department of Corrections. The GEO Group, Inc. operates Lawrenceville Correctional Center, the only privately-run prison in the Commonwealth of Virginia.

6.      Defendant DELISA JORDAN, LPN, was, at all relevant times hereto, a licensed practical nurse and an employee, agent, and/or servant of Defendant The GEO Group, Inc.. At all relevant times hereto, Defendant Jordan was acting within the course and scope of her employment and/or agency with The GEO Group, Inc., and under color of state law.

7.      Defendant NURSE MERIAN. KAMARA, RN, was, at all relevant times hereto, a registered nurse and an employee, agent, and/or servant of Defendant The GEO Group, Inc.. At all relevant times hereto, Defendant Kamara was acting within the course and scope of her employment and/or agency with The GEO Group, Inc., and under color of state law.

8.      Defendant NURSE SHIRLEY WILLIAMS, LPN, was at all relevant times hereto, a licensed practical nurse and an employee, agent, and/or servant of Defendant The GEO Group, Inc. At all times relevant times hereto, Defendant Williams was acting within the course and scope of her employment and/or agency with The GEO Group, Inc., and under color of state law.

9.      Defendants Jordan; Kamara; and Williams, are collectively referred to as the "Provider Defendants."

10.     Defendant SGT. TEWANDA PATTON was, at all times relevant hereto, a correctional officer and sergeant working at Lawrenceville Correctional Center, and an employee, agent, and/or servant of The GEO Group, Inc., acting within the course and scope of her employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Patton is sued in her individual capacity.

11.     Defendant SGT. MARTRE POWELL was, at all times relevant hereto, a correctional officer and sergeant working at Lawrenceville Correctional Center, and an employee,

agent, and/or servant of The GEO Group, Inc., acting within the course and scope of his/her employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Powell is sued in his/her individual capacity.

12.    Defendant SGT. TANIS FRITZ was, at all times relevant hereto, a correctional officer working at Lawrenceville Correctional Center, and an employee, agent, and/or servant of The GEO Group, Inc., acting within the course and scope of his/her employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Fritz is sued in his individual capacity.

13.    Defendant SGT. SAMUEL DAVIS was, at all times relevant hereto, a correctional officer working at Lawrenceville Correctional Center, and an employee, agent, and/or servant of The GEO Group, Inc., acting within the course and scope of his employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Davis is sued in his individual capacity.

14.    Defendant OFFICER QUINTON HAWKES was, at all times relevant hereto, a correctional officer working at Lawrenceville Correctional Center, and an employee, agent, and/or servant of The Geo Group, Inc., acting within the course and scope of his employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Hawkes is sued in his individual capacity.

15.    Defendant OFFICER DARRIN BOYD was, at all times relevant hereto, a correctional officer working at Lawrenceville Correctional Center, and an employee, agent, and/or servant of The GEO Group, Inc., acting within the course and scope of his employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Boyd is sued in his individual capacity.

16.    Defendant OFFICER SHAKEENNA TURNER was, at all times relevant hereto, a

correctional officer working at Lawrenceville Correctional Center, and an employee, agent, and/or servant of The GEO Group, Inc., acting within the course and scope of his employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Turner is sued in her individual capacity.

17.    Defendant OFFICER CONNIE JONES was, at all times relevant hereto, a correctional officer working at Lawrenceville Correctional Center, and an employee, agent, and/or servant of The GEO Group, Inc., acting within the course and scope of his employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Jones is sued in his individual capacity.

18.    Defendants Patton; Powell; Fritz; Davis; Hawkes; Boyd; Turner; and Jones are collectively referred to herein as the "Correctional Officer Defendants."

19.    Defendant Michael Breckon was at all relevant times hereto, the warden of Lawrenceville Correctional Center, and an employee, agent, and/or servant of The GEO Group, Inc., acting within the course and scope of his employment and/or agency with The GEO Group, Inc., and under color of state law. Defendant Breckon was responsible for the training and supervision of all other defendants hereto. Defendant Breckon is sued in his individual and official capacities.

## JURISDICTON AND VENUE

20.    This action involves an amount in damages in excess of the jurisdictional minimum of this Court.

21.    All of the acts and/or failures to act alleged herein accrued in Lawrenceville, Brunswick County, VA, and were and are attributable to Defendants.

## FACTUAL ALLEGATIONS

22.     Damian Hernandez was an inmate housed in Lawrenceville Correctional Center on November 6, 2020, having been a resident at the facility since August 1, 2007.

23.     On November 6, 2020 at 3:17 am, according to internal reports, Mr. Hernandez was allegedly discovered by his cellmate, Antron Elder, who called in a medical emergency, as he had allegedly discovered Mr. Hernandez bleeding profusely.

24.     At 3:18 am on November 6, 2020, the Correctional Officer Defendants allegedly responded to Mr. Hernandez's cell and/or alerted The GEO Group, Inc.'s medical staff. However, none of the Correctional Officer Defendants called 911 or otherwise alerted outside medical services, even though the Correctional Officer Defendants described Mr. Hernandez as bleeding profusely and lying in a pool of blood.

25.     Between 3:18 am, when the Correctional Officer Defendants arrived to find Mr. Hernandez, and 3:21 am, a full 3 minutes, no actions were taken by the Correctional Officer Defendants to stop Mr. Hernandez's bleeding. Mr. Hernandez was still responsive during this time.

26.     At 3:21 am on November 6, 2020, The GEO Group, Inc.'s emergency response team and medical staff, including Defendants Jordan and Kamara, arrived at Mr. Hernandez's cell, where they found him still responsive, and even talking, while continuing to bleed profusely.

27.     The Provider Defendants also did not take steps to stem the flow of blood from Mr. Hernandez's hands, although they describe his condition as "bleeding profusely" and lying in a pool of blood.

28.     Mr. Hernandez was transported from his cell to the medical unit through a staircase, bleeding the entire time. The transport took approximately 10 minutes, according to the prison's internal reports, during which time the Provider Defendants, including Defendant Jordan,

made no effort whatsoever to stem the flow of blood from Mr. Hernandez's body.

29.    It was only when Mr. Hernandez and the medical staff arrived to the medical exam room at 3:30 am—now 12 minutes after he was discovered by prison staff—that any effort was taken to stop the blood loss by the Provider Defendants.

30.    Upon arriving at the exam room, Mr. Hernandez was still responsive and speaking.

31.    For the next 5 minutes, Defendants Jordan and Kamara claim that they applied pressure to Mr. Hernandez's wounds, which were on the backs of both hands, allegedly inflicted by a razor. However, they did not call 911, or otherwise alert the local EMS or hospital, even though it was clear from the time that Mr. Hernandez was discovered, that they were not adequately equipped to handle this medical emergency.

32.    Defendants failed to administer intravenous fluid therapy, which is routine treatment for cases of hemorrhage.

33.    Eventually, Mr. Hernandez lost consciousness. It was not until well after Mr. Hernandez became unresponsive that 911 was called.

34.    According to reports, 911 dispatch was not called until 4:05 am, approximately *47 minutes* after Mr. Hernandez was discovered by prison staff.

35.    At approximately 4:08 am, while on the phone with the 911 dispatch, a prison representative reported that Mr. Hernandez had been conscious 15 minutes earlier, which would have been at approximately 3:53 am on November 6, 2020.

36.    If the Defendants' reports and statements are to be believed, Mr. Hernandez was conscious and responsive for *at least* 35 minutes after discovery.

37.    It was not until Mr. Hernandez was completely unresponsive and without a pulse that any of the Defendants called 911.

38.    Mr. Hernandez never made it to a hospital, and was pronounced dead at 4:27 am.[1]

## ADDITIONAL RELEVANT FACTUAL ALLEGATIONS

39.    Plaintiff incorporates by reference all of the foregoing as if fully set forth herein.

40.    As mentioned above, Defendants allege that Mr. Hernandez died by suicide via self-inflicted wounds on both wrists. However, the positions and shapes of the wounds on the backs of both of his hands, and the unexplained puncture wounds on his neck are highly uncharacteristic of a death by suicide, and are more in line with a homicide, which the Defendants failed to investigate.

41.    Additionally, on the day before his death, Mr. Hernandez reported that he was bleeding from his rectum, and blood was found in his urine.

42.    In response to this report, Defendants only prescribed Pepto Bismol, and failed to investigate the matter further to determine a potential cause of the bleeding from Mr. Hernandez's rectum, including the possibility that he had been sexually assaulted.

43.    The Provider Defendants, the Correctional Officer Defendants, and/or the GEO Group, Inc. and its other employees and agents, including but not limited to, B. Russell, RN and other correctional officers and medical staff, failed to perform routine protocols in response to suspected cases of sexual assault.

44.    The Provider Defendants, Correctional Officer Defendants, and/or The GEO Group, Inc. and its other employees or agents failed to administer any rape protocols or perform a rape kit upon reports of rectal bleeding and a finding of blood in Mr. Hernandez's urine.

45.    The Correctional Officer Defendants, Provider Defendants, and/or The GEO

---

[1] Mr. Hernandez died under unusual circumstances. Once discovery has commenced, appropriate amendments will be made to comport with the facts.

Group, Inc. and its other employees or agents, likewise, failed to investigate or refer Mr. Hernandez to the facility's rape protocols.

46.     Upon information and belief, in addition to Mr. Hernandez's death, there were five inmate deaths in 2021, and 12 inmate deaths in 2022.[2] Further, upon information and belief, there were 8 inmate drug overdoses in a 24-hour period in 2022.[3]

47.     Defendant Breckon, as the warden of the jail at all times relevant to Plaintiff's Complaint, was responsible for the hiring, training, and supervision of the facility's employees. His failure to adequately train and supervise Lawrenceville Correctional Center's employees caused Mr. Hernandez's death.

48.     The GEO Group, Inc. is vicariously liable for the actions and omissions of its employees.

**COUNT I**
**Wrongful Death (Virginia Code § 8.01-50 et seq.)**
**NEGLIGENCE**
**(Against Provider Defendants and The GEO Group, Inc.)**

49.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

50.     As described throughout this Complaint, the Provider Defendants breached duties owed to Mr. Hernandez, and these breaches constituted negligence.

51.     The Provider Defendants owed duties to Mr. Hernandez to treat him in accordance

---

[2] https://www.wtvr.com/news/local-news/richard-robinson-obit-aug-22-2023
[3] https://virginiainterfaithcenter.org/press/8-confirmed-overdoses-occurred-in-24-hours-at-lawrenceville-correctional-center-possibly-11-total/

with recognized and acceptable standards of medical care, health care, and/or nursing care and treatment; however, Defendants breached the standard of care, including by failing to even attempt to stem Mr. Hernandez's blood loss for ten minutes after their discovery of him, failing to administer intravenous fluid therapy, which is routine treatment for cases of hemorrhage, and by failing to call for emergency services capable of providing emergency and resuscitative care.

52.    Under the doctrine of *respondeat superior*, Defendant The GEO Group, Inc. is legally responsible for the actions and inactions of its employees, including, but not limited to, Defendants Jordan, Kamara, and Williams, which were performed in the scope of their employment/duties with The GEO Group, Inc.

53.    As a direct and proximate cause of the negligence of the Provider Defendants, Mr. Hernandez suffered great physical pain, injury, and mental anguish.

54.    As a direct and proximate result of the negligence of the Provider Defendants, Mr. Hernandez died.

55.    As a direct and proximate cause of the negligence of Defendants, which contributed to and was the proximate cause of Mr. Hernandez's injuries and death, the Statutory Beneficiaries have sustained damages, including, but not limited to:

a)    Sorrow, mental anguish, and solace, which may include society, companionship, comfort, guidance, kindly offices, and advice of the decedent; and

b)    Loss of services, protection, care, and assistance provided by the decedent.

56.    As a direct and proximate cause of the negligence of Provider Defendants, which contributed to and was the proximate cause of Mr. Hernandez's injuries and death, the Estate of Mr. Damian Hernandez sustained damages, including, but not limited to:

a)    Expenses for the care and treatment of the decedent incidental to the injury

resulting in death; and

      b)     Reasonable funeral expenses, including but not limited to, the decedent's preparation and transportation to Texas for interment.

57.     Defendants' negligence establishes causes of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.

## COUNT II
### Survival (Virginia Code § 8.01-25 et seq.)
### NEGLIGENCE
### (Against Provider Defendants and The GEO Group, Inc.)

58.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

59.     In the alternative to her wrongful death claim, Plaintiff asserts her survival claim.

60.     As described throughout this Complaint, the Provider Defendants breached duties owed to Mr. Hernandez, and these breaches constituted negligence.

61.     The Provider Defendants owed duties to Mr. Hernandez to treat him in accordance with recognized and acceptable standards of medical care, health care, and/or nursing care and treatment; however, Defendants breached the standard of care, including by failing to even attempt to stem Mr. Hernandez's blood loss for at least 10 minutes after their discovery of him, failing to administer intravenous fluid therapy, which is routine treatment for cases of hemorrhage, and by failing to call for emergency services capable of providing emergency and resuscitative care.

62.     Under the doctrine of *respondeat superior*, Defendant The GEO Group, Inc. is legally responsible for the actions and inactions of its employees, including, but not limited to,

Defendants Jordan, Kamara, and Williams, which were performed in the scope of their employment/duties with The GEO Group, Inc.

63.     As a direct and proximate cause of the negligence of the Provider Defendants, Mr. Hernandez suffered damages in the form of great physical pain, injury, and mental anguish, and medical costs.

64.     As a direct and proximate result of the negligence of the Provider Defendants, Mr. Hernandez died.

65.     Defendants' negligence establishes causes of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.

### COUNT III

**Wrongful Death (Virginia Code § 8.01-50 et seq.)**

**NEGLIGENCE**

**(Against Correctional Officer Defendants and The GEO Group, Inc.)**

66.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

67.     As described throughout this Complaint, Defendants Patton; Powell; Fritz; Davis; Hawkes; Boyd; Jones; and Turner breached duties owed to Mr. Hernandez, and these breaches constituted negligence.

68.     The Correctional Officer Defendants had specific statutory duties to provide, or provide access to, medical treatment to Mr. Hernandez under Va. Code § 53.1-32. Under that statute, these Defendants had a specific responsibility to inmates to "provide… medical and mental

health care and treatment." *Id.* Further, the Virginia Legislature has provided that, "[i]n no event shall any prisoner be denied medically necessary service due to his inability to pay." *Id.*

69.    Defendants owed duties to Mr. Hernandez to exercise reasonable care in the performance of their duties, and they failed to exercise reasonable care in failing to call 911 after finding Mr. Hernandez in the extremely grave condition in which they found him, as well as failing to take any actions whatsoever to stop Mr. Hernandez's loss of blood for a full 3 minutes, even though they describe him as lying in a pool of blood upon their discovery of him.

70.    With respect to Mr. Hernandez' reports of rectal bleeding and the blood in his urine, the Correctional Officer Defendants failed to investigate and perform a rape kit and/or to perform or refer Mr. Hernandez for administration of rape protocols of the facility, including rape trauma counseling.

71.    If Mr. Hernandez did indeed commit suicide as Defendants allege, the Correctional Officer Defendants' actions were the proximate cause of such suicide, as they unreasonably ignored the possibility of a sexual assault of Mr. Hernandez, the occurrence of which would have caused extreme emotional distress to a reasonable person, and likely would have been the cause of any alleged suicide.

72.    Under the doctrine of *respondeat superior*, Defendant The GEO Group, Inc. is legally responsible for the actions and inactions of its employees, which were performed in the scope of their employment/duties with The GEO Group, Inc.

73.    As a direct and proximate cause of the negligence of the Correctional Officer Defendants, Mr. Hernandez suffered great physical pain, injury, and mental anguish.

74.    As a direct and proximate result of the negligence of the Correctional Officer Defendants, Mr. Hernandez died.

75.    As a direct and proximate cause of the negligence of the Correctional Officer Defendants, which contributed to and was the proximate cause of Mr. Hernandez's injuries and death, the Statutory Beneficiaries have sustained damages, including, but not limited to:

a)    Sorrow, mental anguish, and solace, which may include society, companionship, comfort, guidance, kindly offices, and advice of the decedent; and

b)    Loss of services, protection, care, and assistance provided by the decedent.

76.    As a direct and proximate cause of the negligence of the Correctional Officer Defendants, which contributed to and was the proximate cause of Mr. Hernandez's injuries and death, the Estate of Mr. Damian Hernandez sustained damages, including, but not limited to:

a)    Expenses for the care and treatment of the decedent incidental to the injury resulting in death; and

b)    Reasonable funeral expenses, including but not limited to, the decedent's preparation and transportation to Texas for interment.

77.    The Correctional Officer Defendants' negligence establishes causes of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.


**COUNT IV**

**Survival (Virginia Code § 8.01-25 *et seq.*)**

**NEGLIGENCE**

**(Against Correctional Officer Defendants and The GEO
Group, Inc.)**


78.    Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set

forth herein.

79.    In the alternative to her wrongful death claim, Plaintiff asserts her survival claim.

80.    As described throughout this Complaint, Defendants Patton; Powell; Fritz; Davis; Hawkes; Boyd; Jones; and Turner breached duties owed to Mr. Hernandez, and these breaches constituted negligence.

81.    The Correctional Officer Defendants had specific statutory duties to provide, or provide access to, medical treatment to Mr. Hernandez under Va. Code § 53.1-32. Under that statute, these Defendants had a specific responsibility to inmates to "provide… medical and mental health care and treatment." *Id*. Further, the Virginia Legislature has provided that, "[i]n no event shall any prisoner be denied medically necessary service due to his inability to pay." *Id*.

82.    Defendants owed duties to Mr. Hernandez to exercise reasonable care in the performance of their duties, and they failed to exercise reasonable care in failing to call 911 after finding Mr. Hernandez in the extremely grave condition in which they found him, as well as failing to take any actions whatsoever to stop Mr. Hernandez's loss of blood for a full 3 minutes, even though they describe him as lying in a pool of blood upon their discovery of him.

83.    With respect to Mr. Hernandez' reports of rectal bleeding and the blood in his urine, the Correctional Officer Defendants failed to investigate and perform a rape kit and/or to perform or refer Mr. Hernandez for administration of rape protocols of the facility, including a rape trauma counseling.

84.    If Mr. Hernandez did indeed commit suicide as Defendants allege, the Correctional Officer Defendants' actions were the proximate cause of such suicide, as they unreasonably ignored the possibility of sexual assault of Mr. Hernandez, the occurrence of which would cause extreme emotional distress for a reasonable person, and would likely be the cause

of any alleged suicide.

85.    Under the doctrine of *respondeat superior*, Defendant The GEO Group, Inc. is legally responsible for the actions and inactions of its employees, which were performed in the scope of their employment/duties with The GEO Group, Inc.

86.    As a direct and proximate cause of the negligence of the Correctional Officer Defendants, Mr. Hernandez suffered damages in form of great physical pain, injury, and mental anguish, as well as monetary damages in the form of medical bills.

87.    As a direct and proximate result of the negligence of the Correctional Officer Defendants, Mr. Hernandez died.

88.    The Correctional Officer Defendants' negligence establishes causes of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.

## COUNT V

**Wrongful Death (Virginia Code § 8.01-50 et seq.)**

**GROSS NEGLIGENCE**

**(Against All Defendants)**

89.    Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

90.    As described throughout this Complaint, all of the Defendants had, among other duties, the duty to exercise reasonable care with regard to Mr. Hernandez; however, the Defendants breached these duties.

91.    Defendants Jordan, Kamara, and Williams also owed duties to Mr. Hernandez to treat him in accordance with recognized and acceptable standards of medical care, health care,

and/or nursing care and treatment; however, these Defendants breached the standard of care, including by failing to even attempt to stem Mr. Hernandez's blood loss for ten minutes after their discovery of him, failing to administer intravenous fluid therapy, which is routine treatment for cases of hemorrhage, and by failing to call for emergency services capable of providing emergency and resuscitative care.

92.    Under the doctrine of *respondeat superior*, Defendant The GEO Group, Inc. is legally responsible for the actions and inactions of its employees, including those named herein, which were performed in the scope of their employment/duties with The GEO Group, Inc..

93.    Defendants were grossly negligent in that their actions and inactions, described throughout this Complaint, showed such a level of indifference to Mr. Hernandez so as to constitute an utter disregard of prudence, amounting to a complete neglect for Mr. Hernandez's life, survival, and safety. Additionally, as noted above, the several acts of negligence of *each* of the Defendants *individually* (as opposed to the group as a whole), when combined, had a cumulative effect showing a reckless or total disregard of Mr. Hernandez.

94.    As a direct and proximate cause of the gross negligence of the Defendants, and the reckless indifference to Mr. Hernandez, Mrs. Hernandez Reid has suffered great physical pain, injury, and mental anguish.

95.    As a direct and proximate result of the gross negligence and reckless indifference of Defendants, Mr. Hernandez died.

96.    As a direct and proximate cause of the gross negligence of the Defendants, and the reckless indifference to Mr. Hernandez's life and survival, which contributed to and was the proximate cause of Mr. Hernandez's death, the Statutory Beneficiaries have sustained damages, including, but not limited to:

a) Sorrow, mental anguish, and solace, which may include society, companionship, comfort, guidance, kindly offices, and advice of the decedent; and

b) Loss of services, protection, care, and assistance provided by the decedent.

97.    As a direct and proximate cause of the gross negligence of the Defendants, and their reckless indifference to Mr. Hernandez's life and survival, which contributed to and was the proximate cause of Mr. Hernandez's death, the Estate of Mr. Hernandez sustained damages, including, but not limited to:

a) Expenses for the care and treatment of the decedent incidental to the injury resulting in death; and

b) Reasonable funeral expenses, including but not limited to, the decedent's preparation and transportation to Texas for interment.

98.    Defendants' gross negligence establishes causes of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.

99.    Defendant's gross negligence and reckless indifference establish causes of action for punitive damages.


**COUNT VI**

**Survival (Virginia Code § 8.01-25 et seq.)**

**GROSS NEGLIGENCE**

**(Against All Defendants)**


100.    Plaintiff asserts her survival claim in the alternative to her wrongful death claim.

101.    Plaintiff incorporates by reference all of the foregoing paragraphs, as if fully set

forth herein.

102.    As described throughout this Complaint, all of Defendants had, among other duties, the duty to exercise reasonable care with regard to Mr. Hernandez; however, the Defendants breached these duties.

103.    Defendants Jordan, Kamara, and Williams also owed duties to Mr. Hernandez to treat him in accordance with recognized and acceptable standards of medical care, health care, and/or nursing care and treatment; however, these Defendants breached the standard of care, including by failing to even attempt to stem Mr. Hernandez's blood loss for ten minutes after their discovery of him, failing to administer intravenous fluid therapy, which is routine treatment for cases of hemorrhage, and by failing to call for emergency services capable of providing emergency and resuscitative care.

104.    Under the doctrine of *respondeat superior*, Defendant The GEO Group, Inc. is legally responsible for the actions and inactions of its employees, including all Defendants named herein, which were performed in the scope of their employment/duties with The GEO Group, Inc..

105.    Defendants were grossly negligent in that their actions and inactions, described throughout this Complaint, showed such a level of indifference to Mr. Hernandez so as to constitute an utter disregard of prudence, amounting to a complete neglect for Mr. Hernandez's safety. Additionally, as noted above, the several acts of negligence of *each* of the Defendants *individually* (as opposed to the group as a whole), when combined, had a cumulative effect showing a reckless or total disregard of Mr. Hernandez.

106.    As a direct and proximate cause of the gross negligence and reckless indifference of the Defendants to Mr. Hernandez's survival, life, and care, Mr. Hernandez suffered great

physical pain, injury, and mental anguish.

107.    As a direct and proximate result of Defendants' gross negligence and the reckless indifference of the Defendants to Mr. Hernandez's survival, life, and care, Mr. Hernandez died.

108.    As a direct and proximate cause of the gross negligence of the Defendants, which contributed to and was the proximate cause of Mr. Hernandez's death, Mr. Hernandez sustained damages in the form of physical injury, pain and suffering and mental anguish, and medical bills.

109.    Defendants' gross negligence establishes causes of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.

110.    Defendants' conduct also establishes causes of action for punitive damages.

## COUNT VII

### DEPRIVATION OF CIVIL RIGHTS –
### EIGHTH AMENDMENT / 42 U.S.C. § 1983

### (DENIAL, DELAY, AND WITHHOLDING OF MEDICAL CARE)

### (Against All Defendants)

111.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

112.    At all times relevant to the allegations in this Complaint, all of the The GEO Group, Inc.'s employees or agents, Correctional Officer Defendants and Provider Defendants acted or failed to act under color of state law.

113.    The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual punishment and affords to inmates the right to receive treatment for serious medical needs.

114.    As described in the Complaint, the Correctional Officer Defendants, the Provider Defendants, and The GEO Group, Inc.'s employees and/or agents failed to provide access to necessary medical care, to include medical treatment, in response to obvious, serious medical needs, including Mr. Hernandez's reports of rectal bleeding and upon a finding of blood in his urine, and to his obvious need for immediate medical attention when he was seen to be bleeding profusely in his cell.

115.    The Correctional Officer Defendants, the Provider Defendants, and The GEO Group, Inc.'s employees or agents engaged in this injurious conduct with deliberate indifference to Mr. Hernandez's health and safety, thereby placing Mr. Hernandez in substantial risk of serious harm.

116.    Specifically, with respect to Mr. Hernandez' reports of rectal bleeding and the blood in his urine, the Correctional Officer Defendants, Provider Defendants, and The GEO Group Inc.'s employees or agents failed to investigate and perform a rape kit and/or to perform or refer Mr. Hernandez for administration of rape protocols of the facility, including rape trauma counseling.

117.    If Mr. Hernandez did indeed commit suicide as Defendants allege, the Correctional Officer Defendants', Provider Defendants', and The GEO Group Inc.'s employees' or agents' actions were the proximate cause of such suicide, as they unreasonably ignored the possibility of sexual assault of Mr. Hernandez.

118.    With respect to finding Mr. Hernandez bleeding profusely in his cell, the Correctional Officer Defendants, Provider Defendants, and The GEO Group, Inc.'s employees or agents failed to reasonably respond to the emergency as outlined previously in this Complaint.

119.    The acts or omissions of the Correctional Officer Defendants, Provider

Defendants, and The GEO Group, Inc.'s employees or agents were conducted within the scope of their official duties and employment.

120.    As a direct and proximate result of the conduct of the Correctional Officer Defendants, the Provider Defendants, and The GEO Group, Inc.'s employees or agents, Mr. Hernandez was injured in various respects, including, without limitation, suffering physical injuries and severe mental anguish due to the egregious nature of the aforementioned actors' actions, all attributable to the deprivation of his constitutional rights guaranteed by the Eighth and Fourteenth Amendments to the U.S. Constitution and protected under 42 U.S.C. §1983.

121.    As a direct and proximate result of the aforementioned actors' conduct, Mr. Hernandez died. Mr. Hernandez's death constitutes a deprivation of his constitutional rights guaranteed by the Eighth and Fourteenth Amendments to the U.S. Constitution and protected under 42 U.S.C. §1983.

122.    The aforesaid actions and omissions of the Provider Defendants, Correctional Officer Defendants, and The GEO Group, Inc.'s employees or agents constitute a willful, wanton, reckless, and conscious disregard of Mr. Hernandez's constitutional rights, by reason of which Plaintiff is entitled to recover punitive damages.

123.    The aforesaid actions and omissions, coupled with the numerous custodial deaths at the facility, evinces a lack of adequate supervision and training on the part of Defendant The GEO Group.

124.    Defendant The GEO Group was deliberately indifferent to the risk of harm to Mr. Hernandez, as shown by the numerous deaths of custodial deaths that have occurred at Lawrenceville Correctional Center.

125.    Defendant The GEO Group's failure to train and supervise its employees was the driving force behind actions and inactions that led to Mr. Hernandez's death.

126.    As a direct and proximate result of The GEO Group's conduct, Mr. Hernandez was injured in various respects, including, without limitation, suffering physical injuries and severe mental anguish, all attributable to the deprivation of his constitutional rights guaranteed by the Eighth and Fourteenth Amendments to the U.S. Constitution and protected under 42 U.S.C. §1983.

127.    Michael Breckon was the warden of Lawrenceville Correctional Center, who was responsible for the training and supervision of its employees and agents, whose acts and omissions were the cause of Mr. Hernandez's death, as outlined throughout this Complaint.

128.    Defendant Breckon knew that the failure to train and supervise Defendant GEO Group's employees and agents exposed Mr. Hernandez to a substantial risk of harm, and he disregarded the risk of substantial harm to Mr. Hernandez's safety.

129.    As a direct and proximate result of Defendant Breckon's conduct, Mr. Hernandez was injured in various respects, including, without limitation, suffering physical injuries and severe mental anguish, all attributable to the deprivation of his constitutional rights guaranteed by the Eighth and Fourteenth Amendments to the U.S. Constitution and protected under 42 U.S.C. §1983.

130.    The foregoing defendants' violations of the Eighth and Fourteenth Amendments to the U.S. Constitution, and those of their employees and agents, establish a cause of action, pursuant to 42 U.S.C. § 1983, for monetary relief consisting of compensatory damages and punitive damages, attorney's fees and costs to the Estate of Mr. Hernandez.

## COUNT VIII

### RESPONDEAT SUPERIOR

### (Against The GEO Group, Inc.)

131.    Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

132.    At all times relevant to the allegations in this Complaint, the individual Defendants were employees, agents, or servants of The GEO Group, Inc.

133.    The acts or omissions of the Defendants were conducted within the scope of their official duties and employment.

134.    Under the doctrine of *respondeat superior*, Defendant The GEO Group, Inc. is legally responsible for the actions and inactions of its employees, including, but not limited to, all of the Defendants named herein, which were performed in the scope of their employment/duties with The GEO Group, Inc..

135.    As a direct and proximate cause of the negligence, gross negligence, and reckless indifference of Defendants, which contributed to and were the proximate causes of Mr. Hernandez's injuries and death, the Statutory Beneficiaries have sustained damages, including, but not limited to:

   a)    Sorrow, mental anguish, and solace, which may include society, companionship, comfort, guidance, kindly offices, and advice of the decedent; and

   b)    Loss of services, protection, care, and assistance provided by the decedent.

136.    As a direct and proximate cause of the negligence, gross negligence and reckless indifference of Defendants, which contributed to and were the proximate causes of Mr. Hernandez's injuries and death, the Estate of Mr. Damian Hernandez sustained damages, including, but not limited to:

   a)    Expenses for the care and treatment of the decedent incidental to the injury resulting in death; and

   b)    Reasonable funeral expenses, including but not limited to, the decedent's preparation and transportation to Texas for interment.

137.    As a direct and proximate cause of the negligence, gross negligence, and reckless indifference of Defendants, which contributed to and were the proximate causes of Mr. Hernandez's injuries and death, Mr. Hernandez suffered damages in the form of great physical pain and suffering, mental anguish, and medical costs.

138.    Defendants' negligence establishes causes of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.

139.    Defendants' negligence, gross negligence and reckless indifference establish causes of action for punitive damages.


### **JURY TRIAL DEMANDED**

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.


### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, in the amount of $10 million, or in such greater amount to be determined at trial, punitive damages in the amount of $350,000, costs, pre-judgment interest, attorneys' fees, and grant such other and further relief that the Court may deem appropriate.

DELISA HERNANDEZ REID


By counsel: _____ /s/ Stephen Teague _____

Stephen C. Teague

LAW OFFICE OF STEPHEN C. TEAGUE

*Attorney for Plaintiff*

P.O. BOX 706

Newport News, VA 23607

(757) 317-0716

(757) 215-2974

stephen@teaguelawoffice.com


Dated: